IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,473-01 & -02






EX PARTE MARCUS DEWAYNE SHINE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 8442 & 8453 IN THE 8TH DISTRICT COURT


FROM FRANKLIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of a controlled substance and delivery of a controlled substance and sentenced to ten years'
imprisonment on each count. He did not appeal his convictions.

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he relied on the State's file and failed to conduct an independent investigation. Applicant
has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668
(1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to respond to Applicant's claim. In his response, trial counsel shall state whether he
investigated the playground alleged in the indictments and determined whether the playground was
open to the public. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact and conclusions of law as to whether the
playground alleged in the indictments was open to the public and met the definition of "playground"
in § 481.134(a)(3) of the Health and Safety Code. The trial court shall then make findings and
conclusions as to whether trial counsel's performance was deficient and, if so, whether Applicant
was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 5, 2011

Do not publish